The next case on the calendar is MLB Enterprises v. New York State Department of Taxation and Finance. Good morning. My name is Jennifer Kinsley and I represent the appellant, MLB. Before you begin, Ms. Kinsley, let me just express condolences on behalf of the panel for the passing of your co-counsel, Mr. Silver. Thank you very much, Your Honor. May it please the Court and Counsel. The District Court erred in dismissing MLB's complaint under the Tax Injunction Act because New York lacks a plain, speedy, and efficient remedy for taxpayers like MLB to obtain judicial review. The District Court identified two potential avenues for judicial review in state court. First, a declaratory judgment action filed before the completion of the state administrative process. And secondly, an Article 78 appeal taken in state court after the conclusion of the state administrative process. Neither of these remedies are actually available to MLB and taxpayers under New York law. First, as to the declaratory judgment remedy, the District Court itself admitted that there is tension, if not conflict, in New York law as to the availability of declaratory judgments for taxpayers. In reaching the conclusion that a declaratory judgment was available, the District Court relied heavily upon a case called Tully, decided by the Supreme Court in 1975. In Tully, the Supreme Court reviewed the then-existing declaratory judgment procedures available in New York and determined that the procedure constituted a plain remedy under the TIA. The declaratory judgment procedure, in effect, at that time in New York, allowed a taxpayer to file an action in state court, seek a preliminary injunction, halt the state administrative process, and obtain a pre-administrative determination ruling. What has changed since Tully and some of the other earlier cases that said that the proceedings were sufficient? Yes, Your Honor, thank you for asking that question. Much has changed since Tully was decided 45 years ago. In those 45 years, the New York courts have substantially narrowed the availability of declaratory judgment relief to taxpayers. In a litany of cases beginning in 1980 with the Cablevision case, and then progressing through the W.T. and two companion cases to this one, the 44th case and the Metro case decided within the last couple of years, the New York courts have determined that taxpayers can no longer come to court in advance of the state administrative process and seek a determination of the constitutionality of a tax. There seems to be a first department case from 2016, a third department case in 2019 that recognized the availability of the remedy. Admittedly, the New York courts have what the district court described as tension, if not conflict, in the availability of this remedy. And there are cases that go both ways. But, the Supreme Court has clearly held, under the Tax Injunction Act, that uncertainty in the availability of a state court remedy leaves open federal judicial review and federal jurisdiction. This is from a case called Roswell that the U.S. Supreme Court decided. And so, this uncertainty about the availability of declaratory judgment in New York, the fact that there are some cases saying it's available and others saying it's not available, calls into question the plainness of this remedy for the military. In Metro Enterprises, for instance, on which you rely, I think that the court said that there were issues of fact related to Metro's business practices that might need to be developed in the administrative process. And the claim there wasn't a constitutional claim, but a claim that the tax was wholly inapplicable. So, the adversary says, well, that doesn't really cast any doubt on the broader principle that was at stake in Calais. It's sort of rather clearly just placing some limits on the availability of declaratory judgment in particular circumstances where there is a need for factual development or where no constitutional claims are implicated. Are they wrong or are there other precedents that would be more directly supportive of your position? Yes, there are other precedents. 44th Enterprises is a direct precedent. This is a sister business structured identically to MLB and actually retaining common individual ownership. And in the 44th Enterprises case, 44th did raise constitutional challenges virtually identical to the ones MLB raised below. And that case was dismissed by the New York trial court. It's presently on appeal to the First Department. Did the court reach the constitutional questions in that case? It did not, Your Honor. It held that the declaratory judgment action was procedurally inappropriate and it dismissed it for that reason. So this case is indicative of the tension and confusion and conflict and unavailability of a plain remedy in state court. In fact, MLB's sister business attempted... I read the decision as saying that the state did not violate the constitutional rights of the taxpayer. So it seems that the court did reach the constitutional question and therefore the taxpayer was able to raise the issue. Didn't win, but was able to raise the issue. We dispute that characterization, Your Honor. In fact, that portion of the 44th decision is dicta given that the court determined that the action should be dismissed and remanded back through the tax administrative process. In addition to declaratory judgment remedies being unavailable, the other remedy identified by the district court, namely an Article 78 appeal, is also unavailable because MLB lacks the multi-million dollars required to post a bond and post the full amount of the tax and then institute an Article 78 appeal. If that requirement doesn't apply to Mr. Caputri, why isn't that an adequate remedy in this case? That's an inadequate remedy, Your Honor, because Mr. Caputri can only appeal in his individual capacity. He has been personally assessed for these taxes and he can appeal those by way of an Article 78 appeal without paying the full amount of the tax. But New York tax law is clear that each audit and each assessment stands on its own. So the mere fact that Mr. Caputri may be able to individually institute an Article 78 appeal would not necessarily translate to MLB. Wouldn't the issues be largely the same? The issues would be the same, Your Honor, but they would not have preclusive or precedential effect as to MLB's case. And this is because of the uniqueness of New York's tax law in considering each individual audit and assessment to stand on its own. Tax cases are given no preclusive or precedential impact under the New York state tax system. So for these reasons, each of the remedies identified by the District Court are actually not available. And New York law has narrowed and become much more complex in the time since the Supreme Court decided Tully. For these reasons, the District Court erred, the Tax Injunction Act actually envisions a role for the federal courts to play in reviewing these kinds of taxes. And this case should be reversed and remanded to the District Court for consideration of its merits. Thank you. Ms. Olson? Good morning. May it please the Court, Caroline Olson on behalf of the state appellees. And I'd also like to take the opportunity to also express my condolences to opposing counsel for their loss. This Court should affirm the District Court's decision dismissing MLB's claims for any one of three independent reasons. First, the District Court lacked jurisdiction over MLB's suit under the Tax Injunction Act because New York states provide multiple remedies that are plain, speedy, and efficient and that provide more than an adequate forum for MLB to litigate its claims. Second, MLB's claims are not ripe for this Court's review because MLB's tax liability has not been finally determined in the pending state administrative processes. And third, MLB has failed to state a constitutional claim in any event. Turning first to the Tax Injunction Act, New York provides multiple avenues to challenge the constitutionality of a tax. Specifically, the state allows declaratory judgment actions and an Article 78 action appealing from the administrative processes. To date, MLB has not even attempted to avail itself of these processes, much less attempted and failed. Instead, it has attempted to short-circuit the state's judicial and administrative processes to bring a challenge to a state tax in federal court. That is precisely the kind- Excuse me, shouldn't it have learned from 44th Enterprises, which seem to have failed in their efforts to do so? I mean, are you asking MLB to try and fail when they have evidence that they've decided to in so many instances in which others have been unable to file a declaratory judgment action? MLB was not a party to the 44th Action. We don't know what complaint they will file in state court and what the state court will do with the ultimate complaint that MLB may or may not file in state court. But there isn't a wellspring of cases, nor does MLB point to any change either as a matter of statutory law or court of appeals law, suggesting that the basic rule recognized in Bankers Corporation and other cases, which is that declaratory judgment relief is available in constitutional challenges. As Judge Chin recognized, courts continue to entertain declaratory judgment actions as we outline in our brief, and there's no real tension or uncertainty here. The issue in the 44th Action was that the court happened to decide in that case that a different party's claims were factually based and in fact were most likely just statutory claims with a due process claim tacked on. If you look at the Dozier case, which the Dennis Court relied on, that's exactly the problem that they're getting at, which is that when essentially a statutory or non-constitutional claim simply has constitutional claims tacked on, that is the reason why New York courts may say you must go through the administrative process, but that is not an abrogation or a change to the clear rule under New York law, which is that declaratory judgment actions are available. But again, the bigger problem here is that MLB hasn't even tried to go through federal court. It attempted to short-circuit the process, which is exactly the opposite of what the Tax Injunction Act is for. It was designed by Congress and is meant to be read extraordinarily broadly because of the potential these kinds of suits have to wreak havoc on the state's financial administration and because states have both the ability and expertise to fully adjudicate constitutional challenges to state taxes. But even putting aside the availability of a declaratory judgment action, which MLB has yet to attempt, the state also affords a full opportunity to litigate through the Article 78 process. Can I just ask you about one aspect, and I'm interested in all aspects of it, but with regard to the Article 78 proceeding, it seems very odd to me to say that because Mr. Capucci could bring an action without posting a bond and pursuing administrative remedies, that somehow that makes Article 78 adequate for MLB enterprises. So could you explain that? Sure. Our argument derives directly from the Supreme Court's judgment in Outcome Aluminum, where the court recognized that a parent corporation that fully controlled a subsidiary, the parent's were fully represented if the subsidiary could articulate all the same claims that the parent could. And it's essentially the same point here, which is that Mr. Capucci, in litigating his claims, would not need to post a bond to access the Article 78 process, but would make literally identical claims. He has access to the books and records. Is there preclusive effect? Our counsel argues that there's no preclusive effect, so even if he were to win, the state could still go after MLB. Is that so? What I can represent is that if Mr. Capucci was able to demonstrate that these sales transactions were not subject, that the sales transactions that are subject to the script transactions, which have been subject to sales tax, were not in fact subject to the sales tax, if he could demonstrate that on that argument, DTF would not attempt to collect against MLB as a corporation. But how do we know that? Just because you just told us that, I didn't see anything in the record where there was a similar representation, and I think therefore your adversary is correct in being a little bit concerned about the lack of preclusive effect or the lack of precedential value. Is there somewhere in the record or in the law something that says that we're an individual or a proprietor of a corporate entity that cannot post a bond makes the same claims and gets the result that there will be some sort of full faith and credit, as it were, given to the decision brought by the individual challenger? Two points, Your Honor. The first is that the cases on which opposing counsel relies about the lack of precedential effect in the tax law context, those are about audits. So audits that have not necessarily been committed to a final determination through the judicial process. That would be distinct from what we would have here if Mr. Capisci could go through and obtain a court order that said that these particular transactions were not subject to sales tax because they were in fact 100% paid as gratuities to dancers. That would have some preclusive effects on DTF. But either way, and we say this in our brief, I can represent to you that DTF would not attempt to go after MLB if the basis of the conclusion in the Article 78 process is that these transactions were not subject to the sales tax. Even aside that, the case law coming out of the Ninth Circuit and basic first principles about the way the Tax Injunction Act worked, it really doesn't matter that Mr. Capisci can pursue these actions because as the Supreme Court said in Roswell, the Tax Injunction Act is really focused on ensuring certain minimal procedural criteria, not whether any particular plaintiff can access and invoke a remedy. And so as the Ninth Circuit has repeatedly held, the fact that a particular taxpayer cannot prepay the tax, or in this case post a bond, is irrelevant to the adequacy and fairness of the state's procedures. And that is necessary because if all you had to do to get into federal court was plead financial inability, it would essentially create a gaping hole in the Tax Injunction Act and one that not only is contrary to what Congress expressed purpose, it's also contrary to the history because at the time the Tax Injunction Act was enacted, Congress knew that most states had these prepayment requirements and it is common sense that it knew that some challengers would not be able to prepay the tax and yet Congress carved no exception. This court has not said that. Am I right about that? We haven't yet. We haven't pronounced that principle. That's correct, Your Honor. But basic, I think basic principles under the Tax Injunction Act and how broadly it is construed as protective of the state financial systems compel the conclusion that that kind of a gaping hole and exception for financial inability simply would go contrary to the Tax Injunction Act. I want to talk briefly about the ripeness claims as well. MLB's claims can alternatively be dismissed because those claims are ill-suited to judicial review because MLB currently has... Thank you very much on the ripeness. I'm glad you mentioned it because I wanted to talk about it as well. It seemed to me that what you were saying is that MLB must go through the entirety of the process. They must because what you said is they should take their several different ways that they can pursue the action. There's several different avenues of appeal culminating in the Article 78 proceeding. But that sounds like we're asking them to spend years of time and substantial sums of money where a declaratory judgment regarding the constitutionality of the provision would seem to be a much more expedient fashion. I am concerned about going the ripeness route given that this does not seem to be, although maybe you'll disagree with me, this does not seem to be a statutory claim that's been dressed in the garb of constitutional claims. It seems to be an actual constitutional claim. So that's why I'm concerned about requiring ripeness. May I hear from you on that? A couple of points, Your Honor. The first is that whatever expense that MLB may incur in litigation is not the kind of injury that this Court has been concerned of in the past when it has dismissed claims on prudential rightness concerns. I would point you, for example, to the American Savings Bank case where as a result of the dismissal, the plaintiff was required to continue litigating against the Office of Thrift Supervision in order to obtain transcripts rather than enforce immediate subpoenas. The idea that there needs to be some kind of ongoing litigation isn't the kind of direct harm that this Court is looking for. While there could be additional litigation, there are also efficiency concerns for this Court and for the District Court because if this Court waits to render a decision until the end of the administrative process, it could save the District Court from having to issue a decision that may turn out to be unnecessary because MLB, through the administrative process, has successfully reduced or even eliminated its liability because until it has gone through that process, its tax liability is not finally determined. As we point to in our brief, there are examples in which taxpayers have been able to reduce their liability. We don't think that that is the right outcome, but we acknowledge that it's a possibility. Until that contingency is removed, it would essentially be asking this Court to issue a judgment that it may never have to weigh in on. Given what we're dealing with here is a state tax in which the state courts have particular expertise, it is particularly prudent for the Court, in this case, to dismiss on these grounds. I see that my time is up. Unless the Court has any further questions, I will rest on the brief with respect to our arguments about the adequacy of their claims and ask the Court to affirm. Yes, two points in rebuttal. First, as to the availability of a declaratory judgment remedy, it is difficult to accept the tax department's representations that such a remedy exists when it has spoken with such a forked tongue. Before the federal court, it has argued that a taxpayer like MLB can pursue a declaratory judgment remedy, but consistently in state court, the tax department seeks the dismissal of declaratory judgment actions, and in fact has prevailed on that theory in a number of cases. In the joint appendix to our briefs are examples of the motions to dismiss filed by the tax department in state court, so it's taking a completely contradictory position based on the venue. Secondly, as to the availability of the Article 78 remedy, Your Honor is correct that this is available and satisfies the Tax Injunction Act. The only circuit to have even come close to considering this question is the Ninth Circuit in the Air Polynesia case, but the Air Polynesia case considered a fundamentally different procedure in Hawaii than New York adopts in this case. In Hawaii, a taxpayer need not pay the full amount of the tax in order to initiate an And actually in the Air Polynesia case, the court noted that in some tax assessed years, the tax was very, very low. So the Hawaii procedure at issue in that case imposed a very small obstacle to the opportunity to initiate a post-administrative decision appeal. In contrast, New York requires a taxpayer like MLB to pay millions and millions of dollars just to obtain judicial review. The Tax Injunction Act envisions a role for federal courts to play in ensuring that state taxation comports with constitutional rights. It has reserved this opportunity for the federal courts to intervene when states do not provide plain, speedy, and efficient remedies, as New York fails to do in this case. For this reason, the district court decision dismissing MLB's complaint was an error. This court should reverse it and remand the case to the district court for a consideration of the merits of MLB's claims. Thank you very much. Thank you both. Also very well argued in an unusual format. Thank you very much.